UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:14CV-P48-R

BENNIE L. GAMBLE, JR.                                                                PLAINTIFF

v.

COMMONWEALTH OF KENTUCKY                                                DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court on the criminal complaint filed by Plaintiff Bennie L. Gamble, Jr., naming as Defendant the Commonwealth of Kentucky. Plaintiff states that the alleged offense occurred on September 25, 1997. As the "Offense Description," Plaintiff states, "Violation of the U.S constitution, Treaties, Federal laws, ky Const, eman-proc." Where the form requests the facts on which the criminal complaint is based, Plaintiff states the following:

> The Commonwealth of Kentucky is in lack of Jurisdiction of the subject matter, lack of Jurisdiction over the person of the prisoner, and McCracken County Circuit court, Hon JEFF. R HINES Judge, is in lack of jurisdiction pursuant to KY Const, and in lack of jurisdiction and authority to enter the judgment it entered.

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's

influence." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's jurisdiction. *Kokkonen*, 511 U.S. at 377.

"It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). Only federal prosecutors, and not private citizens, have authority to initiate federal criminal charges. *See Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *see also Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch.").

Because Plaintiff is a private citizen and cannot initiate criminal charges, he fails to establish the Court's subject-matter jurisdiction over this action. The Court will dismiss the action under Fed. R. Civ. P. 12(h)(3) by separate Order.

Date:

cc: Plaintiff, *pro se*
4413.010